IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Kevin M. Bowlin, | ) | C/A No. 0:22-cv-3025-JD-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER AND OPINION** |
| | ) | |
| Lieber CI, Warden; SCDC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court with the Report and Recommendation ("Report and Recommendation" or "Report") of United States Magistrate Judge Paige J. Gossett, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina.[1]  (DE 34.)  Plaintiff Kevin M. Bowlin ("Plaintiff" or "Bowlin"), a *pro se* state prisoner at Lieber Correctional Institution ("Lieber") has filed a civil rights action pursuant to 42 U.S.C. § 1983.  Bowlin claims his conditions of confinement violate his Eighth Amendment rights because the drinking water and food at Lieber are "unhealthy" and "contaminated." (DE 1, pp. 5, 8, 14.) Bowlin also alleges he is exposed to "undercooked food" (id. at 14), and the food and water issues cause constant stomach pain and bleeding in his digestive system (id. at 6).  In addition, Bowlin alleges that Lieber has no air conditioning, poor ventilation, and bugs and rats "are a problem" and have bitten him.  (Id. at 5, 14.)  Finally, Bowlin claims that Lieber's recreational area has razor wire that is positioned too low, and the razor wire cut his finger badly in May 2022 and still poses

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976).  The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

1

a threat to him. (Id. at 6.) Bowlin seeks compensation for his injuries and to have these conditions remedied.

Defendants Lieber CI, Warden, and SCDC (collectively "Defendants") have moved to dismiss Bowlin's claims pursuant to Rule 12(b)(6), Fed. R. Civ. P. (DE 48.) Defendants argue Bowlin's claims for damages should be dismissed because the named defendants are not "persons" amenable to suit under § 1983.

The Report was issued on May 30, 2023, recommending Bowlin's claims for damages and claims based on inadequate air conditioning and pest control be dismissed. (DE 55, p. 7.) The Report also recommended that "[i]f this recommendation is adopted, Bowlin's remaining claims will be for injunctive relief as to the contaminated and unhealthy water and food and the razor wire in the recreation yard at Lieber." (Id.)

Defendants filed an objection to the Report on June 13, 2023, objecting to the Report's construction of Bowlin's request as one for injunctive relief. (DE 58.) However, to be actionable, objections to a report and recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- that are at the heart of the parties' dispute.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (2005) (citing Thomas v. Arn, 474 U.S. 140 (1985)). "A general objection to the entirety of the magistrate judge's report is tantamount to a failure to object." Tyler v. Wates, 84 F. App'x 289, 290 (4th Cir. 2003). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this

2

court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

As to the Report construing Bowlin's claim to include injunctive relief, Defendants contend, Plaintiff's complaint does not use any language to specifically request injunctive relief. Rather, Defendants contend the only statement in the Complaint that could be construed as requesting injunctive relief is found in Section VI, wherein Plaintiff states, "I want better food and water plus Fix the A/C and spray for Bugs." (DE 1, at p. 6.) The Court disagrees. "[P]*ro se* filings must be construed liberally, 'so as to do substantial justice.' '[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Elijah v. Dunbar, 66 F.4th 454, 460 (4th Cir. 2023) (internal quotations and citations omitted). The Court finds the language used in the complaint is sufficient to satisfy the less stringent standard for *pro se* litigants and sufficient to state a claim for injunctive relief. Therefore, Defendants' objection is overruled. However, since Defendants have equally requested leave to file an additional motion to address the allegations for injunctive relief if the Court adopts the Report, the Court authorizes the same.

Accordingly, after a thorough review of the Report and Recommendation and the record in this case, the Court adopts the Report (DE 55) and incorporates it by reference.

Therefore, it is ORDERED that Defendants' Motion to Dismiss (DE 48) is granted as to Bowlin's claims for damages and claims based on inadequate air conditioning and pest control. However, Bowlin's remaining claims of contaminated and unhealthy water and food and the razor wire in the recreation yard at Lieber will be considered claims for injunctive relief and survive Defendants' motion to dismiss without prejudice. Defendants may within 30 days of this order file an additional motion to address Bowlin's allegations for injunctive relief.

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
August 1, 2023

### NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.