IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Kevin M. Bowlin, | ) | Case No.: 0:22-cv-3025-JD-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER AND OPINION** |
| Lieber CI, *Warden*; SCDC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court with the Report and Recommendation ("Report") of United States Magistrate Judge Paige J. Gossett, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina.[1] (DE 83.) Plaintiff Kevin M. Bowlin ("Plaintiff" or "Bowlin"), a state prisoner proceeding *pro se*, brought this action under 42 U.S.C. § 1983, alleging the conditions of confinement at Lieber Correctional Institution ("Lieber") of the South Carolina Department of Corrections ("SCDC") violate his Eighth Amendment rights because of contaminated and unhealthy water and food and exposed razor wire in the recreation yard at Lieber.[2]

Defendants Lieber CI, *Warden*; SCDC (collectively "Defendants") filed a motion to dismiss or, in the alternative, for summary judgment based on the doctrine of mootness because Bowlin is no longer housed at Lieber. (DE 72.) Plaintiff filed a response in opposition. (DE 79.)

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

[2] By prior order, the court dismissed all of Bowlin's claims with the exception of those seeking injunctive relief related to these two claims. (DE 62.)

1

The Report was issued on December 13, 2023, recommending Defendants motion be granted because Plaintiff's claims are now moot. (DE 93.) On December 21, 2023, Plaintiff objected to the Report. (DE 85.) However, to be actionable, objections to a report and recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- that are at the heart of the parties' dispute.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (2005) (citing Thomas v. Arn, 474 U.S. 140 (1985)). "A general objection to the entirety of the magistrate judge's report is tantamount to a failure to object." Tyler v. Wates, 84 F. App'x 289, 290 (4th Cir. 2003). Absent specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Plaintiff objects to the Report's recommendation because his "finger was severely injured" resulting in "permanent nerve and tissue damage[,]" and he still has "digestive issues that stem from the contaminated water and under cooked food." (DE 85, p. 1.) However, in light of the injunctive relief sought for both claims, the Court finds that these claims are moot because Bowlin is no longer housed at Lieber. The Report correctly noted, "[a]s Bowlin is no longer housed at Lieber, the issues Bowlin brought in this action are no longer live and the parties lack a legally cognizable interest in the outcome." See Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991)

(finding a prisoner's transfer to a different facility mooted his claim for injunctive and declaratory relief). Therefore, the Court overrules Plaintiff's objection.

Accordingly, after a thorough review of the Report and Recommendation and the record, the Court finds no clear error on the face of the record, and the Court adopts the Report (DE 83) and incorporates it here.

It is, therefore, **ORDERED** that Defendants' Motion to Dismiss (DE 72) is granted, and the Complaint is dismissed.

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
January 11, 2024

## NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.